33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard T. HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6472.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1994.
 
 Before: GUY and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard Harris was convicted in early 1991 of ten counts of mail fraud. On appeal, the conviction was affirmed. United States v. Harris, No. 91-5777, 1992 WL 163254, 1992 U.S.App. LEXIS 16874 (6th Cir. July 14, 1992).
 
 
 2
 On January 15, 1993, Harris filed a 28 U.S.C. Sec. 2255 motion to vacate his sentence. The motion was based on Harris's assertion that "the Government's key expert witness ... committed material perjury on the witness stand." (App. 25.) The government filed a response with affidavits, and petitioner replied to the government's response also attaching affidavits. The trial court determined that an evidentiary hearing was not necessary and issued a written opinion denying the motion. Harris then filed this appeal, raising the perjured testimony issue as well as additional issues not raised below. Upon review, we find no error in the denial of the motion by Judge Jarvis. We affirm on the basis of the trial judge's written opinion, and write additionally only for further clarification.
 
 I.
 
 3
 Harris first argues that the trial judge should have considered this Sec. 2255 petition as a motion for a new trial filed pursuant to Fed.R.Crim.P. 33. He further argues that, since the trial judge did not do this, we should. We find it unnecessary to resolve this issue since analysis under Sec. 2255 or Rule 33 leads to the conclusion that Harris was not entitled to relief. Given that Harris could not demonstrate that the government knew of the perjury, under either Sec. 2255 or Rule 33, Harris would have to demonstrate that the perjury was sufficiently material to have caused the jury to convict when they otherwise would have been likely to acquit.
 
 
 4
 The perjured testimony came from David R. Glowacki, a rebuttal witness called by the government. Glowacki had 18 years of experience in interpreting military specifications and in quality control.[1] Glowacki testified that he had a college degree, when in fact he was 18 credits short of obtaining a degree.[2]
 
 The trial judge concluded:
 
 5
 Whether Mr. Glowacki did or did not have a business management degree was irrelevant. Mr. Glowacki was qualified as an expert in quality control and interpreting military specifications based on his 18 years in interpreting military standards; his position as quality manager for FMC corporation, which manufactures the Bradley Fighting Vehicle; his twelve years experience in production manufacturing of the Bradley Fighting Vehicle; and his previous six years experience in quality control with Chrysler working on the M-60 tank and M-1 tank. [TR-7, pp. 1090-93].
 
 
 6
 ....
 
 
 7
 The fact that Mr. Glowacki was not truthful about his college degree in management had no material effect on petitioner's conviction.
 
 
 8
 (App. 15-16.) We agree. Neither the lack of a degree nor the lack of credits in engineering courses would have significantly diminished Glowacki's expertise since it was based almost exclusively on his job experience.
 
 II.
 
 9
 Harris also alleges two other trial errors. First, he claims the trial judge, not the jury, should have interpreted the contract. Second, he claims that the court erred by "failing to apply the rule that all parts of a contract must be read together and harmonized and given effect if at all possible[.]" (Appellant's Brief at 1.)
 
 
 10
 We decline to address either of these claims for two reasons. First, they were not raised below and we do not consider issues raised for the first time on appeal. Boone Coal & Timber Co. v. Polan, 787 F.2d 1056, 1064 (6th Cir.1986).
 
 
 11
 Second, Harris filed a direct appeal and raised neither of these issues, although they would have been apparent at the time the direct appeal was filed. A Sec. 2255 petition may not be used as a second opportunity to review issues that could and should have been raised on direct appeal "absent a showing of cause to excuse his failure to appeal the issue and actual prejudice." Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 12
 Since Harris did not raise these issues in the district court, there has been no attempt to show cause or prejudice.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Since the facts surrounding Harris's wrongful conduct were set out in our opinion denying his direct appeal, we have not repeated them in this unpublished opinion
 
 
 [2]
 Although it was not set forth in Harris's Sec. 2255 petition, in a reply to the government's response, Harris attached an affidavit from a University of Tennessee engineering professor. After a review of Glowacki's college transcript, the professor concluded that it did not contain credit for courses taken in "the engineering discipline."